*City of Buffalo — condemnation of land for park purposes, under chapter 466 of the Laws of 1892 — railroad land.*

Lands which have been once taken for and devoted to a public use pursuant to law cannot be again taken under the right of eminent domain and devoted to another public use without special authority of the Legislature.

The city of Buffalo is not empowered to acquire title to the land of a railroad company, occupied by its tracks, under chapter 466 of the Laws of 1892, entitled "An act to authorize the city of Buffalo to take and improve lands for park purposes," as such act does not provide for the taking of the land of any railroad company in actual use for the purposes of its incorporation, and under the provisions of that act the city, if permitted to proceed, would acquire title to the land, with the right to take possession of and use the same through its park commissioners, who would have such management and control thereof as to have the power to eject the railroad company and prevent it from operating its railroad over the land.

Nor can the city of Buffalo take the land of a railroad company for a parkway or park approach by force of the statute which provides for the extending of highways over the right of way of railroad companies.

APPEAL by the Buffalo, Rochester and Pittsburgh Railway Company from an order of the Supreme Court, made at the Erie Special

Term on the 31st day of March, 1893, and entered in the office of the clerk of Erie county, overruling objections and appointing commissioners to appraise certain land for park purposes.

The act (Chap. 466 of 1892) under which such proceeding was taken was entitled "An act to authorize the city of Buffalo to take and improve land for park purposes."

*John S. Rockwell*, for the appellant.

*W. F. Mackey*, for the city of Buffalo, respondent.

HAIGHT, J.:

Proceedings were instituted on behalf of the city to acquire lands for park purposes pursuant to chapter 466 of the Laws of 1892. The lands so proposed to be taken include a portion of the appellant's lands occupied by its main tracks in the town of West Seneca.

Upon the hearing before the Special Term the appellant appeared by its attorney and objected to the appointment of commissioners to appraise its lands upon the grounds:

"1. No authority is given by the act under which this proceeding is taken to take the lands of the Buffalo, Rochester and Pittsburgh Railway Company, or of any railroad company;

"2. No authority is given by said act to acquire the right to carry the approaches to parks therein mentioned across the lands of said railway company, or to acquire an easement therein;

"3. That the land of said company cannot be condemned or taken by the city of Buffalo for park purposes;

"4. That the right or easement across the railroad of said company with the park or approaches can only be given by special legislative authority, which has not been given;

"5. The said proposed parkway or approach is not a highway in the town of West Seneca, and has not been laid out as such, and that the said city of Buffalo cannot carry said parkway across said railway under the act relating to highways."

The court overruled the objections so made, and appointed commissioners to appraise the lands so proposed to be taken.

The statute under which the proceedings were taken provides that upon the confirmation of the report of the commissioners, and the

payment of the money as provided for in the order, "the said lands shall vest forever in the city of Buffalo, for the uses and purposes in this act mentioned, and the said park commissioners shall be entitled to enter upon, take possession of, and forever use the said lands as an addition to and a part of the public parks, approaches thereto and streets connecting the same, which are now under their jurisdiction."

Another provision of the same statute is that the lands when so taken "shall be under the control and management of the said park commissioners."

It thus appears that under the provisions of the act the city would acquire title to the land, with the right to take possession of and use the same through its park commissioners, and that the same shall be under their management and control. They would thus have power to eject the appellant and prevent it from running or operating its railroad over the lands in question.

The provisions of the act do not provide for the taking of the lands of the appellant, or that of any other railroad company which is in actual use for the purposes of its incorporation, and it is well settled that lands once taken for and devoted to a public use pursuant to law cannot be again taken under the right of eminent domain and devoted to another public use without special authority from the Legislature. (*In the Matter of the Application of the City of Buffalo for the Appointment of Commissioners to Appraise Certain Lands*, 68 N. Y. 167; *The Prospect Park & Coney Island Railroad Company* v. *Williamson*, 91 id. 552; *In the Matter of the Application of the New York Central & Hudson River Railroad Company to Acquire Lands, etc.*, 77 id. 248; *In the Matter of the Petition of the New York, Lackawanna & Western Railway Company to Acquire Lands, etc.*, 99 id. 12; Mills on Em. Dom. chap. 5, §§ 44–46.)

Upon the argument the counsel for the city announced that there was no intention on the part of the city to interfere with the appellant's right to operate its railroad over the lands in question. But the taking from the railroad of its title to the lands puts it in the power of the city or its park commissioners to interfere with its use, and the intention of the officers of the city may be changed.

There is another statute which provides for the extending of high-

ways over the right of way of railroad companies, but in it there is no provision for the condemning and taking from the railroad company the fee to the land.

The order appealed from, in so far as it appoints commissioners to appraise the lands of the appellant, should be reversed, with ten dollars costs and disbursements, and the motion to appoint commissioners of appraisal as to appellant's lands should be denied.

DWIGHT, P. J., and LEWIS, J., concurred.

Order appealed from, in so far as it appoints commissioners to appraise the lands of the appellant, reversed, with ten dollars costs and disbursements.